IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE YEE REID, | No. C 06-02706 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR COSTS AND FEES** |
| v. | |
| NEIMAN MARCUS HOLDINGS INC., | |
| Defendant. | |

On June 30, 2006, the Court heard argument on plaintiff's motion to remand and request for costs and fees. Having considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court hereby GRANTS the motion to remand and DENIES the request for costs and fees, for the reasons set forth below.

**BACKGROUND**

This employment discrimination action involves plaintiff Stephanie Yee Reid's experience as a sales associate for defendant Neiman Marcus.[1] Reid began working for Neiman Marcus in July 1996. Compl. ¶ 11. In July 2003, Reid was diagnosed with an "injury to her psyche." Compl. ¶ 13. In August 2003, she went on Family Medical Leave Act ("FMLA") leave. Compl. ¶¶ 14-15. In October 2003, while Reid was on leave, defendant Neiman Marcus terminated her. Compl. ¶ 16. Reid claims that Neiman Marcus and her supervisor, Theresa Spirz,[2] terminated her on account of her disability. Compl. ¶ 18. In September 2004, Reid's physician released her to return to work. Compl. ¶ 19. In October

---

[1] The Court has taken the following facts from the Complaint.

[2] Theresa Spirz was formerly a defendant in this case, but was dismissed by Judge Warren of the San Francisco County Superior Court.

2004, Reid requested defendant Neiman Marcus engage in the "interactive process" and return her to work with accommodations. Compl. ¶¶ 20-21. In February 2005, Reid applied directly to Neiman Marcus' human resources employee Kelly Butler, and to Reid's former supervisor, Spirz, for a sales position. Compl. ¶ 25. As of June 2006, neither Neiman Marcus nor Spirz had contacted Reid regarding her return to work. Motion to Remand, 4.

Reid filed suit against Neiman Marcus in San Francisco County Superior Court on April 22, 2005, alleging disability discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). Reid also included Spirz as a defendant, alleging retaliation in violation of FEHA. Spirz filed a demurrer to Reid's initial complaint. The court sustained the demurrer with leave to amend. Thereafter, Reid filed three more amended complaints. Spirz demurred to each amended complaint; and the demurrers were sustained twice with leave to amend and finally without leave to amend. Although the parties have not supplied the Court with a copy of the Superior Court's order, both agree that Spirz is no longer a defendant in this action.

Neiman Marcus removed the action to this Court on April 19, 2006, on the basis of diversity jurisdiction. *See* Notice of Removal ¶ 6. Reid is a California resident, and Neiman Marcus is a Delaware corporation with its principal place of business in Texas. Id. at ¶¶ 1, 5. According to Neiman Marcus, Spirz was fraudulently joined in the action in order to defeat complete diversity of citizenship. Oppo. to Remand, 2. Presently before the Court is plaintiff's motion to remand. The Court finds that defendant Neiman Marcus cannot demonstrate that Spirz was fraudulently joined, and consequently, this matter must be remanded.

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846

F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). The removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

**DISCUSSION**

Plaintiff contends that removal was improper both because there was no fraudulent joinder, and because defendant was untimely in removing and in raising fraudulent joinder. Because the Court concludes that there was no fraudulent joinder, the Court does not decide the procedural issue of timing.

**I.      Fraudulent Joinder**

Plaintiff argues that removal was improper based on the "voluntary/involuntary" rule. "The rule provides that a suit which, at the time of filing, could not have been brought in federal court must remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. v. Keating*, 986 F.2d 346, 348 (9th Cir.1993) (internal quotation marks omitted). Neiman Marcus does not contest that Spirz's dismissal was an involuntary action, which would ordinarily bar this Court's jurisdiction. *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (stating that involuntary dismissal does not render a case removable). Rather, defendant contends that Spirz was fraudulently joined and should not be considered when this Court is determining jurisdiction.

The voluntary/involuntary rule does not apply to involuntary dismissal of a non-diverse defendant who was "fraudulently joined." Because such a defendant's citizenship is disregarded for diversity purposes, removal may be upheld after an involuntary dismissal in the state action. *See Poulos v. Naas Foods, Inc*. 959 F.2d 69, 73 (7th Cir. 1992); *Lewis v. Armstrong Steel Erectors, Inc*. 992 F. Supp. 842, 844 (S.D. W.Va. 1998) (stating that fraudulent joinder is a well-established exception to the voluntary/involuntary rule).

Neiman Marcus contends that removal is proper because Spirz was fraudulently joined for the sole purpose of defeating diversity of citizenship. Neiman Marcus argues that Reid did not state a viable

3

1 claim against Spirz, and that fraudulent joinder became apparent when Spirz was dismissed from the
2 action. Plaintiff argues that fraudulent joinder is determined from the face of the complaint, and that
3 based on the face of the complaint, Reid had a viable claim against Spirz. Defendant counters that
4 fraudulent joinder can be determined from plaintiff's failure in the Third Amended Complaint to
5 properly name Spirz as a defendant, and that defendant raised fraudulent joinder in a timely fashion as
6 soon as it was apparent that Spirz was fraudulently joined.

7 Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant,
8 and the failure is obvious according to the settled rules of the state."[3] *McCabe*, 811 F.2d at 1339. There
9 is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has
10 fraudulently joined a party carry a heavy burden of persuasion. *See Emrich*, 846 F.2d at 1195; *Green
11 v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). A court must deny a claim of fraudulent
12 joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-
13 state defendant. *See Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)
14 ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to
15 establish a cause of action against the in-state defendant in state court."); *Good v. Prudential Insurance
16 Company of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that
17 there is no possibility that the plaintiff will be able to establish a cause of action in state court against
18 the alleged sham defendant."); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) ("a slight
19 possibility of a right to relief" ends the jurisdictional inquiry).

20 In determining whether a defendant was joined fraudulently, the courts must resolve "all
21 disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing
22 party." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). The court may look
23 beyond the pleadings and consider affidavits or other evidence to determine if the joinder was a sham.
24 *Morris*, 236 F.3d at 1068; *see also Cavallini*, 44 F.3d at 263 ("[F]raudulent joinder claims may be
25 resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as

---

[3] The term "fraudulent joinder" is a term of art, used for removal purposes, and does not connote any intent to deceive on the part of plaintiff or her counsel. *Lewis v. Time Inc.*, 710 F.2d 549 (9th Cir. 1983).

4

affidavits and deposition testimony."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

Here, defendant has not demonstrated that Spirz was fraudulently joined. Reid asserted one cause of action against Spirz: retaliation in violation of FEHA, Cal. Gov. Code § 12940. To prove fraudulent joinder, Neiman Marcus must establish that, under settled California law, it obviously was not possible to bring this claim against Spirz.

Under settled California law, an employee can pursue a FEHA retaliation claim against an individual defendant, such as her supervisor.[4] *See* Cal. Gov. Code § 12940(h); *Winarto v. Toshiba America Electronics Components,* 274 F.3d 1276, 1288 (9th Cir. 2001); *Walrath v. Sprinkel*, 99 Cal. App. 4th 1237, 1239 (2002); *Page v. Superior Court*, 31 Cal. App. 4th 1206, 1212 (1995). The parties both agree that this is the settled law of California. Oppo. to Remand, 7; Reply to Oppo., 4. As such, under settled California law, Reid had a viable claim against Spirz in the initial complaint.[5]

Neiman Marcus argues that Spirz's fraudulent joinder became apparent when she was dismissed from the case. Neiman Marcus relies on *Lane v. Champion Int'l Corp.*, 844 F. Supp. 724 (S.D. Ala. 1994), to support its position that removal to federal court is reasonable after the non-diverse defendant is dismissed. In addition to lacking controlling authority, the case is not on point. In *Lane*, the court granted a remand to a state court based on the class members amending their complaint to lower the damages, agreeing not to increase their damages request thereafter, and dropping all requests for injunctive relief, resulting in court's lack of subject matter jurisdiction. *Lane*, 844 F. Supp. at 732-34. The court in *Lane* found that the non-diverse defendant had been fraudulently joined based on the court's lack of in personam jurisdiction over that defendant. *Lane,* 844 F. Supp. at 729; *see also Insinga v. La Bella*, 845 F.2d 249, 254 (11th Cir. 1988) ("[A] trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a

---

[4]Defendant also vaguely asserts that plaintiff's claim against Spirz was fraudulent because there was no causal connection between any protected activity and Spirz's actions. However, defendant has failed to describe to the Court why plaintiff's claims against Spirz fail as a matter of law.

[5]Defendant argues that this is not settled California law, but has not cited a single case holding that a FEHA retaliation claim may not be brought against an individual. In any event, the question is not whether settled California law permits plaintiff's claim, but whether California law bars it.

5

determination by the court that the resident defendant was never properly before the court . . . .").

Because Reid initially had a possibly viable claim against Spirz under settled California law, Spirz's dismissal did not establish fraudulent joinder. Indeed, the fact that the Superior Court allowed Reid three amended complaints indicates that there was the possibility for a viable cause of action against Spirz. Moreover, the Ninth Circuit previously addressed the issue specifically and found that supervisors can be liable for retaliation under FEHA. *See Winarto*, 274 F.3d at 1288 ("[W]e conclude that the plain meaning of the statute is susceptible to only one interpretation: supervisors can be held liable for retaliation under section 12940(h) of the California Government Code.").[6] This Court concludes that Spirz's dismissal alone is not sufficient to support a finding of fraudulent joinder where settled California law allows for Reid's claim against Spirz.

## II.    Assessment of Costs and Fees Pursuant to 28 U.S.C. § 1447(c)

As a final matter, Reid requests an award of costs, and attorney's fees, should this Court grant the motion to remand. The removal statute provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court has broad discretion under this provision. *See Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) (award or denial of costs and fees pursuant to this section is reviewed for abuse of discretion). The Court finds that an award of costs and fees is not warranted in this case, given Neiman Marcus' assertion that it delayed removing and raising fraudulent joinder until the state pleadings were completed. Reid's request for costs and fees is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand, and GRANTS plaintiff's requests for costs and fees. It is ORDERED that this case

---

[6] Neiman Marcus adds policy-based arguments, to the effect that large nation-wide businesses "will never have the opportunity to remove an action to federal court because a sham local defendant can clearly always be named on a crafty, yet ultimately meritless, cause of action." Oppo. to Remand, 8. Such arguments would better be directed to the Congress, not to the trial courts.

1  is remanded forthwith under 28 U.S.C. § 1447(c) to the Superior Court of San Francisco County.
2  [Docket No. 9].
3  **IT IS SO ORDERED.**

6  Dated:  July 5, 2006

SUSAN ILLSTON
United States District Judge